**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-2199

DIONISHIAH WANJIRU MWAURA,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A96-093-929)

Submitted: February 23, 2005          Decided: March 16, 2005

Before TRAXLER, KING, and SHEDD, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Oti W. Nwosu, Arthur D. Wright, III, THE WRIGHT LAW NETWORK, Riverdale, Maryland, for Petitioner. Paul J. McNulty, United States Attorney, Gerard J. Mene, Assistant United States Attorney, Alexandria, Virginia, for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Dionishiah Wanjiru Mwaura, a native and citizen of Kenya, petitions for review of an order of the Board of Immigration Appeals (Board) denying her motion to reconsider its denial of her motion to reopen. Mwaura alleges she will be tortured by the police if she returns to Kenya.

We review the Board's denial of a motion to reconsider for an abuse of discretion. See 8 C.F.R. § 1003.2(a) (2004); Yanez-Popp v. INS, 998 F.2d 231, 234 (4th Cir. 1993). A motion to reconsider asserts that the Board made an error in its earlier decision. The motion must "state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1). Such motions are especially disfavored "in a deportation proceeding, where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." INS v. Doherty, 502 U.S. 314, 323 (1992).

Mwaura contends the Board abused its discretion because, at the very least, it should have found her eligible for protection under the Convention Against Torture (CAT). To qualify for protection under the CAT, a petitioner bears the burden of demonstrating that "it is more likely than not that [s]he . . .

- 2 -

would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2004). We have reviewed the record and conclude that the Board did not abuse its discretion when it determined that Mwaura failed to establish that its denial of her motion to reopen should be reconsidered.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED